UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X
In re                                         :
                                              :     **Chapter 11**
**1380 Realty NY LLC,**                       :
                                              :     **Case No. 1-24-40017-ess**
                        Debtor.               :
----------------------------------------------------------X

### CERTIFICATION OF VICTOR RIVERA JR., ESQ. IN SUPPORT OF DEBTOR'S MOTION TO DISMISS PETITION OR LIFT THE AUTOMATIC STAY TO ALLOW THE STATE COURT ACTION TO CONTINUE

**VICTOR RIVERA JR., ESQ.,** under penalty of perjury pursuant to 17 U.S.C. § 1746, certifies as follows:

1. I am a member of R&R Legal Advisors LLC ("R&R"), counsel of record for 1971 60 Street, LLC ("1971"), the entity which serves as managing member of Debtor 1380 Realty NY, LLC ("Debtor"). I submit this certification in support of the application by Debtor, through 1971, for an Order:

   a. Pursuant to 11 U.S.C. § 1112(b), dismissing the instant petition for cause, or, alternatively;

   b. Pursuant to 11 U.S.C. § 362(d), lifting the automatic stay imposed by the instant filing and allowing the State Court Action to proceed in all respects; and

   c. For such other and further relief as this Court may deem just and proper, including, but not limited to, an award of costs and fees for the improper filing.

2. I make this certification based upon my personal knowledge and personal review of the books and records of R&R, in the ordinary course of its business and in its possession and control, as well as the publicly available documents filed in the Courts.

**1971 Commences The State Court Action To Recover The Property For Debtor**.

3. On February 23, 2023, 1971, on behalf of Debtor, commenced an action in the Supreme Court of the State of New York, Kings County, encaptioned *1380 Realty NY, LLC v. Yechezkel Kraut a/k/a Yechezkel Dov Kraut, Shira Kraut, Levi Kraut and Mortgage Electronic Registration Systems, Inc. as nominee for FM Home Loans, LLC.*, Index No. 505892/2023 (the "State Court Action"). A true copy of the Complaint there is attached as **Exhibit 10** hereto.

4. In the State Court Action, Debtor, through 1971, filed a comprehensive and detailed pleading setting forth five (5) causes of action against various combinations of defendants. All five (5) cause of action arise out of the fraudulent acts of the defendants in obtaining money from 1971 by falsely representing to have title to the property known as 1971 60th St., Brooklyn, New York (the "Property"), despite having surreptitiously transferred title from Debtor to Yechezkel Kraut ("Yechezkel") and his brother, Levi Kraut ("Levi"), for no consideration and hiding the transfer to obtain financing from 1971 and other mortgage loans against the Property.

5. The causes of action asserted in the State Court Action were the following:

   a. Fraud against Yechezkel and his wife, Shira Kraut ("Shira"), for representing that they were the 100% owners of the Property in negotiations with 1971 to obtain financing when they had already transferred the Property to Yechezkel and Levi for no consideration;

   b. Civil Conspiracy to Defraud against Yechezkel, Shira and Levi for engaging in the transfer of the Property for no consideration while seeking financing and loans against the Property to enrich themselves;

   c. Breach of Fiduciary Duty against Yechezkel for violating his duty to Debtor by transferring the Property for no consideration while encumbering the Debtor with significantly more debt;

    d.   Breach of Warranty of Title against Yechezkel and Shira for falsely stating that they had title to the Property when securing financing from 1971; and

    e.   Violation of the Uniform Fraudulent Transactions Act against all Defendants seeking the return of the Property to Debtor and the voiding of a mortgage taken against the Property in violation of covenant agreed to between 1971 and Yechezkel.

6.    On April 21, 2023, Shira filed an Answer to the Complaint through Levi Huebner, Esq., generally denying the Complaint. Neither Yechezkel nor Levi answered the Complaint in a timely fashion.

**Yechezkel Engages in Dilatory Actions**.

7.    On May 3, 2023, Mortgage Electronic Registration Systems, Inc. ("MERS") filed a motion to dismiss the State Court Action as against it. This motion was denied by an October 27, 2023 Order of the Court (the "October 27th Order").

8.    On July 13, 2023, Debtor, through 1971, sought leave to file an Amended Complaint to change the authority for the Fifth Cause if Action from the Uniform Voidable Transactions Act to the NY Debtor and Creditor Law. This motion was granted by the October 27th Order.

9.    On July 30, 2023, Barry Feerst, an attorney making his first appearance in the State Court Action, filed a purported Notice of Discontinuance With Prejudice (the "NOD") on behalf of Debtor claiming that Yechezkel was the sole member of Debtor. On July 31, 2023, counsel for Debtor filed a letter with the Court demanding that the Court strike the NOD. A copy of the letter is attached as **Exhibit 11** hereto.

10.    On August 17, 2023, the State Court entered an Order demanding that Yechezkel and his attorney Show Cause why the NOD should not be dismissed, and Mr. Feerst removed as

alleged counsel for Debtor (the "OSC"). A true copy of the signed OSC is attached as **Exhibit 12** hereto.

11. On October 5, 2023, the State Court heard oral argument on the OSC and set a briefing schedule for further submissions with oral argument on December 14, 2023.

12. On October 31, 2023, the Amended Complaint was filed.

13. On December 5, 2023, Barry Feerst, as purported attorney for Debtor, cross-moved seeking dismissal of the Amended Complaint and sanctions against 1971, its managing member and its attorneys.

14. On December 11, 2023, Levi Huebner, as attorney for Yechezkel and Shira, also cross-moved for dismissal of the Amended Complaint. On the same date, Mr. Huebner, as attorney for Yechezkel, also cross-moved to affirm the dismissal of the State Court Action pursuant to the NOD.

15. On December 13, 2023, Mr. Huebner requested an adjournment of the oral argument for the OSC. Accordingly, the oral argument was rescheduled for February 22, 2023.

16. On January 3, 2024, the instant Petition was filed.

17. As shown in the accompanying Certification of Harvey Abrahams, the instant filing is nothing more than an unauthorized attempt to delay the State Court Action and prevent the State Court from ruling on the fraud claims that have been asserted against him. The filing cannot change the facts, however, and those facts reveal that:

    a. Yechezchel was not authorized to put Debtor into bankruptcy;

    b. The instant matter is clearly a dispute between Yechezkel and Levi and 1971 that is, and should remain, a state court matter; and

4

      c.      The only asset belonging to Debtor is property that was fraudulently transferred for no consideration from the Krauts to Yechezchel and Levi for no consideration and which is the subject of the State Court Action.

18.      In short, the instant bankruptcy proceeding was filed by an unauthorized party and represents a dispute between two parties over a single entity that was already the subject of the State Court Action. Under those circumstances, it would be inequitable and damaging to the interests of the Debtor to allow the very person who has no interest in recovering the Property to file for bankruptcy and claim that the Property is not an asset of the Debtor.

## **CONCLUSION**

19.      For all the foregoing reasons, I respectfully request that this Court grant an Order:

for an Order:

    a.      Pursuant to 11 U.S.C. § 1112(b), dismissing the instant petition for cause, or, alternatively;

    b.      Pursuant to 11 U.S.C. § 362(d), lifting the automatic stay imposed by the instant filing and allowing the State Court Action to proceed in all respects; and

    c.      For such other and further relief as this Court may deem just and proper, including, but not limited to, an award of costs and fees for the improper filing.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on March 18, 2024

 

_____
            VICTOR RIVERA JR., ESQ.