
EXHIBIT 5

# FIRST AMENDED AND RESTATED OPERATING AGREEMENT
# OF
# 1380 REALTY NY, LLC

This First Amended and Restated Operating Agreement (the "Agreement") of 1380 REALTY NY, LLC, a New York limited liability company (the "Company") is entered into as of the 18th day of July, 2019, by Yechezkel Kraut, an individual having an address at 983 Patrick Rd, Brooklyn, NY 11234 ("Sponsor") and 1971 60 STREET LLC, a New York limited liability company, having an address at 8 West 40th Street, New York, New York 10018 ("Investor" and together with Sponsor, collectively, the "Members").

## WITNESSETH:

**WHEREAS**, the Members desire to operate the Company as a limited liability company for the purposes set forth herein; and

**WHEREAS**, this Agreement amends and restates that operating agreement of the Company dated as of July 16, 2019 (the "Original Agreement"); and

**WHEREAS**, the Company's sole asset is the property located at 1971 60th Street, Brooklyn, New York 11204 (collectively the "Premises").

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Members agree as follows:

1. <u>Name</u>. The name of the limited liability company is **1380 REALTY NY, LLC**. All business of the Company shall be conducted in such name.

2. <u>Office</u>. The principal office of the Company is 1971 60th Street, Brooklyn, NY 11204 or such other place or places as the Members shall determine.

3. <u>Term</u>. The term of the Company commenced as of July 16, 2019 and the Company shall be dissolved and its affairs wound up as provided in said Articles or in this Agreement.

4. <u>Purpose</u>. The purpose of the Company shall be to own, develop, manage, operate, improve, finance, refinance market, sell and otherwise deal with and dispose of the property located at 1971 60th Street, Brooklyn, New York 11204 (the "Project").

5. <u>Members</u>. The names, mailing addresses, interests and initial capital contributions of the Members are as follows:

| MEMBER'S NAMES | MEMBER'S ADDRESSES | INTERESTS | CAPITAL CONTRIBUTIONS |
|---|---|---|---|
| Yechezkel Kraut | | 51% | $100.00 |
| 1971 60 STREET LLC | 8 West 40th Street New York, New York 10018 | 49% | 600,000.00 |

6. <u>Management Powers</u>.

(a) The day to day business and affairs of the Company shall be managed by Sponsor. In accordance therewith, Sponsor agrees to make all mortgage payments, real estate tax payments, water charges, electric and heating bills and insurance payments and shall provide proof of same to Investor within five (5) days of the date each payment is due (collectively, "Sponsor's Obligations"). Sponsor hereby indemnifies and holds Investor (and any affiliate or successors) harmless from and against any and all claims, actions, demands, losses, liabilities, damages, costs, and expenses including without limitation attorney fees, alleged or incurred fees arising out of or relating to the Premises and/or the Sponsor's management of the company. Notwithstanding anything contained herein to the contrary, in no event and at no time may Sponsor be permitted to file any bankruptcy petition on behalf of the Company and any such attempted filing shall be deemed null and void.

(b) In the event of a Default (as defined in Section 10(c) below), this Agreement shall be replaced by the Second Agreement (as defined in Section 10(e) below) and Investor shall become the sole manager of the Company and Premises. In such an event, Investor shall have the sole right to execute any and all closing documents in connection with a sale and/or refinance of the Premises without the consent of Sponsor.

7. Capital Contributions. Investor shall contribute a total amount of 600,000.00 (the "Investor Capital") in accordance with the Disbursement Schedule annexed hereto as Exhibit A and this Section 7 and which shall be the sole required capital contribution of Investor and will be funded as of the date herein. Sponsor shall be obligated to contribute any additional amount of capital contributions necessary for the Premises above the Investor Capital (the "Sponsor Capital").

8. Mortgage Loan. The Company may not take out any loans other than the first mortgage lien currently of record from Wells Fargo Bank, N.A., securing the original amount of $500,000.00, and a second mortgage lien currently of record from Bank of America, N.A. securing the original amount of $533,650.00. The Members agree to have the Restriction annexed hereto as Exhibit B recorded with the New York City Register's Office and the Restriction shall remain as long as the Investor is a Member of the Company. Sponsor shall have the exclusive power and authority to execute the Restriction in the name and on behalf of the Company.

9. Distributions. Distributions. Investor shall be entitled to the following preferred returns (each a "Preferred Return" and collectively the "Preferred Returns"): (a) $3,266.67 on July _15_, 2019; and (b) $7,000.00 on September 1, 2019 and on the 1st day of each month following thereafter. Notwithstanding anything contained herein, and provided no Default has occurred, no Preferred Return is required to be made from Sponsor to Investor until November 30, 2019, as Investor has collected at closing the sum of $28,000.00. No distributions from the Premises can be made prior to Investor receiving the Preferred Returns as set forth in Section 10(c) below. Each Preferred Return shall be in addition to and not credited against the Buyout Price as defined in Section 10(a) below. In no event will Investor get less than $42,000.00 towards its Preferred Return distributions. Additionally, Sponsor hereby agrees to guarantee all distributions due to Investor pursuant to the Guarantee Agreement annexed hereto as Exhibit C.

10. Buyout and Sale Options.

(a) On July _15_, 2020, time being of the essence (the "Buyout Date") Sponsor shall have the option to purchase no less than all the membership interest of Investor (the

"Buyout") by delivering certified funds to Investor (or Investor's designees) in the amount of the current outstanding Investor Capital and Preferred Returns (collectively the "Buyout Price").

(b) If Sponsor completes the Buyout by tendering full payment of the Buyout Price by the Buyout Date, and otherwise in accordance with this Agreement, Investor shall resign as an officer of the Company and irrevocably transfer all of its membership interest to Sponsor and shall deliver any and all documents which may be necessary to effectuate such transfer and assignment, as reasonably requested by Sponsor or his attorney as well as a termination of the Restriction, and the Company shall be governed by the terms of the Original Agreement.

(c) In the event (i) the Company and/or Sponsor fail to timely give Investor each Preferred Return, or (ii) Sponsor fails to timely complete the Buyout pursuant to Section 10(a) above, or (iii) any lien, violation and/or encumbrance has been placed on or against the Premises, or (iv) Sponsor fails to perform Sponsor's Obligations and comply with any other obligations within this Agreement, or (v) Sponsor becomes insolvent, or fails to pay its bills when due, or make an assignment for the benefit or creditors, or (vi) if a Default occurs in connection with the Amended and Restated Operating Agreement of 720 Realty NY, LLC (the "720 Agreement") executed as of the date first above written (each a "Default"), Investor shall be entitled to sell the Premises to any bona-fide third party arm's length purchaser of Investor's choice (the "Sale"), in such event all distributions from the Sale shall be made in the following order of priority: first, to Investor in the amount of the Buyout Price; second, to Investor in the amount of each Preferred Return not yet paid to Investor; third, to Investor in the amount equal to a fourteen (14%) percent annualized interest on the current outstanding Investor Capital from the date of a Default; fourth, to Investor to pay for all reasonable expenses incurred in connection with the Default and/or the Sale as deemed necessary by Investor; and fifth, to Sponsor.

(d) Sponsor's option to the Buyout is conditioned on the simultaneous closing of the Buyout by the Sponsor in in the 720 Agreement as referenced in Section 10(a) of the said Agreement.

(e) Annexed hereto as Exhibit D is a Second Amended and Restated Operating Agreement (the "Second Agreement") for the Company which shall take effect and be used by the Members upon a Default.

11. <u>Assignments</u>. The Sponsor shall not assign or transfer in whole or in part his membership interest in the Company, except upon mutual agreement of all the Members. Notwithstanding, Investor shall have the right to assign its membership interest without consent of the Member, in which event (i) such assignee shall be admitted to the Company as an additional member and have the rights and obligations of the Investor as provided herein and the Second Agreement; and (ii) Sponsor shall amend this Agreement to reflect such admission.

12. <u>Withdrawal of a Members; Termination of the Company</u>. No Members shall be permitted to withdraw from the Company or demand a return or payment of his capital contribution, except as otherwise provided for in this Agreement.

13. <u>Admission of Additional Members</u>. Except as provided in Section11 above, the Members may cause the Company to admit one or more additional Members to the Company, but only upon mutual agreement of all the Members.

14. Liability of Members. The Members shall not have any liability for the obligation or liabilities of the Company except to the extent provided in the New York Limited Liability Company Act.

15. Governing Law. This Agreement shall be governed by, and constructed under, the laws of the State of New York, all rights and remedies being governed by said laws.

16. Multiple Counterparts and Facsimile/PDF Permitted. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original and together shall constitute one and the same instrument. Facsimile or pdf copies of original signatures shall be deemed original for purposes of this Agreement.

17. Heter Iska. The Buyout Price, Preferred Return and/or any other payments/fees/interest earned under this Agreement shall be made in accordance with the laws of *Heter Iska* in *Shulchan Aruch Yore Deah*.

**NO FURTHER TEXT - SIGNATURE PAGE TO FOLLOW**

**IN WITNESS WHEREOF**, the parties hereto have executed this First Amended and Restated Operating Agreement as of the date first above written.

_____
Yechezkel Kraut

IN WITNESS WHEREOF, the parties hereto have executed this First Amended and Restated Operating Agreement as of the date first above written.

                        1971 60 STREET LLC

                        By: _____
                        Name: Harvey Abrahams
                        Title: Managing Member

# **EXHIBIT A**

Disbursement Schedule

# DISBURSAL AUTHORIZATION

| | |
|---|---|
| COMPANY: | 1380 REALTY NY, LLC |
| PREMISES: | 1971 60th Street, Brooklyn, New York 11204 |
| INVESTOR: | 1971 60 STREET LLC |
| SPONSOR: | YECHEZKEL KRAUT |
| TOTAL INVESTMENT: | 600,000.00 |
| DATE: | JULY 23, 2019 |

The undersigned hereby authorized the above-named Investor to make the following deductions from proceeds and/or draw the following checks in the above entitled investment, payment of which is hereby approved.

| | |
|---|---|
| Application Fee: | $2,000.00 |
| Administrative Fee: | $2,500.00 |
| Syndication Fee: | $18,000.00 |
| Short-Term Preferred Return: | $3,366.67 |
| Preferred Return Reserve: | $28,000.00 |
| Legal Fee: | $6,500.00 |
| **Net Available:** | **$539,633.33** |

| Amount: | Made Payable to: | Reason for Payment: |
|---|---|---|
| 1. $20,622.53 | Riverside Abstract LLC | Title Bill |
| 2. $479,280.00 | DES Partners | Sponsor designee |
| 3. $39,730.80 | DES Partners | Sponsor designee |

NO FURTHER TEXT
SIGNATURE PAGE TO FOLLOW

The undersigned has duly executed this Disbursement Schedule as of the day and year first above written.

                      1380 REALTY NY, LLC

                      By: _____
                      Name: Yechezkel Kraut
                      Title: Managing Member

# **EXHIBIT B**

Restriction

# DECLARATION OF RESTRICTION

This DECLARATION OF RESTRICTION made as of the \_\_19\_\_ day of July, 2019, by 1380 REALTY NY, LLC, a New York limited liability company with an address at 1971 60th Street, Brooklyn, New York 11204 (the "Declarant").

## WITNESSETH:

**WHEREAS**, the Declarant is the fee owner of the premises: 1971 60th Street, Brooklyn, New York 11204 Lot 49 in Block 5513 on the Kings County tax map, (collectively the "Premises"); and

**WHEREAS**, the Declarant wishes to set forth hereinafter a declaration of his intention with reference to the Premises.

**NOW, THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION RECEIVED, THE DECLARANT HEREBY DECLARES AS FOLLOWS:**

1. The Declarant shall not sell, mortgage, assign, lease, convey, transfer, encumber, pledge, hypothecate or otherwise take any action creating a security interest in the Premises without the written consent of Judah A. Zelmanovitz or Neil Fink, having an address at Fink & Zelmanovitz, P.C., 3839 Flatlands Avenue, Suite 206, Brooklyn, New York 11234. Any such transfer, assignment or encumbrance, without written consent of Judah A. Zelmanovitz or Neil Fink shall be null and void and of no force and effect.

2. This declaration shall be binding on the heirs, personal representatives, successors and assigns of the Declarant.

3. This Declaration may not be changed or modified orally and may only be changed, modified or rescinded with the written consent of Judah A. Zelmanovitz or Neil Fink.

4. Only Judah A. Zelmanovitz, Neil Fink or their delegates shall have the right to terminate or rescind this Declaration of Restriction.

**NO FURTHER TEXT**
**SIGNATURE PAGE FOLLOWS**

IN WITNESS WHEREOF, the undersigned has duly executed this Declaration of Restriction as of the day and year first above written.

1380 REALTY NY, LLC

By: _____
Name: Yechezkel Kraut
Title: Managing Member

State of New York)
                    : ss.
County of Kings)

On the 10 day of July, in the year 2019 before me, the undersigned, personally appeared Yechezkel Kraut personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC

ALAN HIRSCH
Notary Public-State of New York
No. 01HI6095704
Qualified in New York County
Commission Expires 07/14/2023

**RECORDING INFO:**

**PARCEL I**
Block: 5513
Lot: 49
County: Kings
Address: 1971 60th Street, Brooklyn, New York 11204

# EXHIBIT C

Guarantee

# GUARANTEE AGREEMENT

The undersigned, Yechezkel Kraut, an individual having an address at 983 Dahill Rd, Brooklyn, NY 11230 ("Guarantor") in order to induce 1971 60 STREET LLC, a New York limited liability company, having an address at 8 West 40th Street, New York, New York 10018 ("Investor") to make an investment in the amount of 600,000.00 (which sum, together with any and all unpaid Preferred Return and/or any and all sums due under or by virtue of the Agreement or otherwise in connection with the Premises, shall hereinafter be referred to as the "Investor Capital") with 1380 REALTY NY, LLC, a New York limited liability company, having an address at 1971 60th Street, Brooklyn, New York 11204 ("Company") evidenced by that certain operating agreement of even date herewith (hereinafter referred to as the "Agreement"), does hereby absolutely, unconditionally and irrevocably, guarantee to Investor, its successors and assigns, the payment of said Investment, in accordance with its terms, as follows:

**FIRST:** Payment of the Buyout Price set forth in the Agreement is hereby guaranteed by the Guarantor to Investor, such guarantee to continue in full force and effect until full payment and satisfaction of the Investor Capital by the Company.

**SECOND:** Guarantor further absolutely guarantees to Investor, in addition to the payment of all sums due pursuant to paragraph "FIRST", above, performance of all terms, covenants and conditions of the Agreement including, but not limited to, the payment of all advances, and other costs and expenses including attorney's fees incurred in collecting any amounts due on the Project and the performance of Sponsors Obligations (as defined in the Operating Agreement).

**THIRD:** In the event Company shall fail to pay all or any sums due on the Investor Capital in accordance with its terms, upon ten (10) days after Guarantor's receipt of written demand of Investor to the Guarantor, the Guarantor shall pay to the Investor the amount due and unpaid by Company, as if such amount constituted the direct, primary obligation of the Guarantor. Investor shall not be required, prior to any such demand on, or payment by Guarantor, to pursue or exhaust any of its rights or remedies against Company or against any other person with respect to the payment of all or any sum or sums due on, under or by virtue of the Agreement. All notices or other communications required or permitted hereunder shall be deemed sent by email transmission if to Guarantor to _____ and if to Investor to judah@fzpclaw.com.

**FOURTH:** It is expressly agreed by Guarantor as an express inducement to Investor to make the Investment, that any action or proceeding brought by Investor against Company by way of enforcing the Agreement shall not constitute an election of remedies which would bar Investor from proceeding on this Guarantee and Investor, at its option, may proceed against the Guarantor, either by independent action or as part of any action against Company. Guarantor shall also pay all costs and expenses of Investor, including attorney's fees, (together with interest thereon at the lower of the highest rate permitted by applicable law which may be incurred in enforcing any of the terms of this Guarantee. In any action(s) or proceeding(s) arising in connection with or to enforce this Guarantee, Guarantor hereby waives any right to a jury trial and agrees not to interpose any counterclaims in any action(s) by the Investor to enforce any of the terms of this Guarantee. Guarantor expressly agrees that this Guarantee shall remain binding, enforceable and in full force and effect until payment in full of the Investor Capital pursuant to

the terms and provisions hereof.

**FIFTH:** The undersigned further agrees that any modification, waiver, extension, variation or other amendment of the Agreement hereafter made in good faith by agreement between Investor and Company shall not operate to release or discharge Guarantor from this Guarantee either in whole or in part. The obligations of the Guarantor under this Guarantee shall be unaffected by any modification whatsoever of the Investment in any bankruptcy or insolvency proceeding, or by any determination, of whatever nature, that the Investor may not have an allowed or allowable claim for the indebtedness against the Company as a result of any bankruptcy or insolvency proceeding.

**SIXTH:** This Guarantee is a continuing Guarantee and is assignable in whole or in part by Investor only with the Agreement, and when so assigned, Guarantor shall be bound as above to the assignee or assignees.

**SEVENTH:** This Guarantee shall inure to the benefit of Investor, its successors and assigns and shall bind Guarantor, his legal representatives, heirs and assigns and shall be construed in accordance with the laws of the State of New York.

**EIGHTH:** This Guarantee can be changed, altered or modified only by a written agreement signed by both Investor and the Guarantor.

NO FURTHER TEXT
SIGNATURE PAGE TO FOLLOW

**IN WITNESS WHEREOF**, the undersigned has caused this Guarantee to be executed as of the ~~30th~~ 18th day of ~~May~~ July, 2019. DS

_____
Yechezkel Kraut, individually


State of New York)
                  : ss.
County of Kings)

On the 18 day of July, in the year 2019 before me, the undersigned, personally appeared Yechezkel Kraut personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC

ALAN HIRSCH
Notary Public-State of New York
No. 01HI6095704
Qualified in New York County
Commission Expires 07/14/2023