

**R&R LEGAL ADVISORS LLC**
*Guiding you through life's challenges.*

Christopher M. Rodriguez, Esq.
T: (973) 662-4550
CRodriguez@rrlegal.net

May 12, 2022

**Via Certified Mail, RRR and Email** [chesky@success-transport.com]
Yechezkel Kraut
983 Dahill Road
Brooklyn, New York 11230

Shira Kraut
983 Dahill Road
Brooklyn, New York 11230

      *Re:*    1380 Realty NY, LLC
            *Premises:*    1971 60th Street, Brooklyn, NY 11204
            **NOTICE OF DEFAULT AND 10-DAY DEMAND FOR PAYMENT**

Dear Mr. and Mrs. Kraut:

      This law firm has been retained by 1971 60 Street LLC (hereinafter, "1971 LLC") with regard to its investment and interests in 1380 Realty NY, LLC (the "Company") whose sole asset is the property located at 1971 60th Street, Brooklyn, New York 11204 (the "Property"). We have been informed that, without 1971 LLC's consent or agreement, Mr. Yechezkel Kraut, as the Managing Member of the Company, improperly encumbered the Property in breach of paragraph 8 of the Company's First Amended and Restated Operating Agreement, dated July 16, 2019 (the "Company Agreement"). Further, in violation of paragraph 10 of the Company Agreement, the Company failed to timely Buyout 1971 LLC's interests (as defined in paragraph 10(a) thereof) in the amount of 1971 LLC's outstanding Investor Capital (as defined in paragraph 7 thereof) and Preferred Return (as defined in paragraph 9 thereof). A copy of the Company Agreement is annexed hereto as **Exhibit "A"** for reference.

      In furtherance of the above, and among other items detailed herein, this letter serves as 1971 LLC's formal and final notice that the Company and Mr. Yechezkel Kraut are in default of the Company Agreement (the "Default") pursuant to paragraph 10(c) thereof. Should Mr. Kraut and the Company fail to rectify the Default pursuant to the terms of this correspondence, 1971 LLC shall be left with no choice to pursue all legal remedies available to it under the Company Agreement, Guarantee Agreement signed by Mr. Yechezkel Kraut, dated July 19, 2019 ("Guarantee"), and the Affirmation of Confession of Judgment executed by Mr. Yechezkel Kraut before a notary public on July 18, 2019 ("Confession of Judgment). A copy of Guarantee is annexed hereto as **Exhibit "B"** and Confession of Judgment as **Exhibit "C."**

      Additionally, it has been brought to our attention that Mr. Yechezkel Kraut and Mrs. Shira Kraut intentionally misrepresented (i) their ability to legally convey the Property to the Company and (ii) the amount of prior mortgage encumbrances secured against the Property at the time the Company Agreement was executed and Property conveyed to the Company. These representations



served as material inducements for 1971 LLC to invest in the Company and 1971 LLC would have never contributed said funds if these issues were disclosed in advance. Reviewing the Property's public records clearly evinces the fact that Mrs. Shira Kraut conveyed her interest in the Property to Messrs. Yechezkel Kraut and Levi Kraut, on or about June 28, 2019, and had no standing to convey the Property to the Company on July 19, 2019. Copies of the Deeds evidencing conveyance of the Property on June 28, 2019 and July 19, 2019 (the "Conflicting Deeds") are collectively annexed hereto as **Exhibit "D."** Nevertheless, Mrs. Shira Kraut fraudulently executed the deed which purported to convey the Property to the Company on July 19, 2019, intentionally compromising clarity of title.

### *Terms of 1971 LLC's Investment*

On or about July 19, 2019, Mrs. Shira Kraut a forty-nine (49%) membership interest in the Company to 1971 LLC (the "Assignment"). A copy of the Assignment is annexed hereto as **Exhibit "E."** In return 1971 LLC made an initial $600,000 contribution into the Company. *See* Company Agreement, Ex. A at p. 2, ¶ 7. Pursuant to the Company Agreement, the Company agreed to make distributions to 1971 LLC in the amount of its Preferred Return (as defined in paragraph 9 of the Company Agreement) through the Buyout Date (as defined in paragraph 10 thereof) of July 19, 2020 ("Distributions," as defined in Paragraph 10 thereof), at which point the entirety of 1971 LLC's Investor Capital and Preferred Return would be paid to 1971 LLC in full.

To protect 1971 LLC's investment and Preferred Return, the parties agreed to restrict the Company from obtaining any further mortgage loans beyond those stated in paragraph 8 of the Company Agreement. *See* Company Agreement, Exh. A at p. 2, ¶ 8. Specifically, paragraph 8 of the Company Agreement provides:

> The Company may not take out any loans other than the first mortgage lien currently of record from Wells Fargo Bank, N.A., securing the original amount of $200,000.00 (sic.), and a second mortgage lien currently of record from Bank of America, N.A. securing the original amount of $533,650.00.

*See* Company Agreement, Ex. A. As such, 1971 LLC relied on the above-stated representation detailing the alleged then-present encumbrances on the Property when it chose to invest in the Company. Additionally, to further secure 1971 LLC's entitlement to payment of the Distributions and Buyout Price, Yechezkel Kraut executed a Guarantee Agreement personally obligating himself to the Company's payment responsibilities in the Company Agreement on ten (10) days' written demand for payment. *See* Guarantee, Ex. B, THIRD. Further, Mr. Kraut furnished 1971 LLC with an executed Confession of Judgment to be filed and converted into a Judgment upon Mr. Kraut in the event he fails to satisfy the Company's payment obligations. *See* Confession of Judgment, Ex. C.



Mr. and Mrs. Yechezkel and Shira Kraut
1380 Realty NY, LLC
May 12, 2022
Page 3 of 5

### *The Company's Failure to Pay the Buyout Price and Discovery of Fraud*

On July 19, 2020, the Buyout Date took place, pursuant to paragraph 10(a) of the Company Agreement, and the Company failed to pay the Buyout Price to 1971 LLC. As such, the Company is now in default of its payment obligations pursuant to paragraph 10(c) of the Company Agreement. Pursuant to the Guarantee Agreement, 1971 LLC hereby demands that Mr. Yechezkel Kraut satisfy the Company's defaulted obligations and make payment to 1971 LLC in full within ten (10) days of the date hereof, as set forth in greater detail below. Mr. Kraut's failure to make timely payment will cause 1971 LLC to file the Confession of Judgment and cause same to be recorded with the Supreme Court of the State of New York and recorded against Mr. Kraut personally.

Upon the Company's failure to consummate the Buyout required under the Company Agreement, 1971 LLC discovered numerous inconsistencies with a number of recorded instruments associated with the Property. Specifically, 1971 LLC discovered that the first and second mortgages represented in paragraph 8 of the Company Agreement were incorrectly stated. The Company Agreement represented that the first and second mortgages secured against the Property totaled the cumulative amount of $733,650.00 (the "Original Mortgages"). Upon investigation, it was discovered that the Original Mortgages were satisfied and/or assigned and that a different mortgage in the amount of $1,312,500.00 (the "Subsequent Mortgage") encumbered the Property—rendering it highly over-leveraged and jeopardizing 1971 LLC's investment. A copy of the Subsequent Mortgage is annexed hereto as **Exhibit "F."** Surprisingly, the Subsequent Mortgage is dated July 18, 2019, the day before the Company Agreement was executed; clearly, establishing Mr. Yechezkel Kraut's knowledge of the misrepresentation.

Further, upon a more detailed review of the Property's record, a conflicting deed was located evidencing that Mrs. Shira Kraut transferred her interests in the Property to Messrs. Yechezkel Kraut and Levi Kraut approximately three (3) weeks before she purported to convey the Property to the Company. *See* Conflicting Deeds, Ex. D. Notwithstanding the fact that she already sold her interests three (3) weeks prior, Mrs. Kraut happily attended the July 19, 2019 closing conveying the Property to the Company and *securing* 1971 LLC's investment.

Such bad faith practices are tantamount to fraud and will be pursued by 1971 LLC to the fullest extent of the law. Further, it is our understanding that Mr. and Mrs. Kraut were introduced to 1971 LLC and its principals and affiliates by Messrs. Arthur Spitzer and Mendel Deutch, both of whom have been identified in numerous fraud-based lawsuits. A copy of an Administrative Memorandum, dated March 31, 2022, circulated by The Security Title Guarantee Corporation of Baltimore prepared to warn real estate professionals of Messrs. Spitzer and Deutch is annexed hereto as **Exhibit "G."** Your involvement with and/or connection to Messrs. Spitzer and Deutch is hereby being investigated by 1971 LLC and its affiliates.

R&R LEGAL ADVISORS LLC
Guiding you through life's challenges.

Mr. and Mrs. Yechezkel and Shira Kraut
1380 Realty NY, LLC
May 12, 2022
Page 4 of 5

### *Default and Demand for Payment of the Buyout Price*

The Company Agreement, Guarantee, and Confession of Judgment concretely establish that 1971 LLC must be repaid.

Accordingly, this letter serves as notice that the Company breached the Company Agreement by, *inter alia*, (i) failing to timely pay the Buyout Price, (ii) failing to prevent further encumbrance from being positioned against the Property, and (iii) failing to safeguard the Company's clear title to the Property. The Company's breached enact paragraph 6(b) of the Company Agreement, requiring that the Company Agreement be replaced by the Second Amended and Restated Operating Agreement of 1380 Realty NY, LLC ("Second Amended Operating Agreement"), empowering 1971 LLC to act as the Company's sole Managing Member and decision maker and permitting it to unilaterally sell the Property. A copy of the Second Amended Operating Agreement is annexed hereto as **Exhibit "H."** In the event that the Company and/or Mr. Yechezkel Kraut fail to make timely payment to 1971 LLC as set forth herein, 1971 LLC will, *inter alia*, seize control of the Company through the Second Amended Operating Agreement and take all actions that it deems fit to secure its position.

1971 LLC hereby demands, pursuant to the Company Agreement and Guarantee Agreement, that within ten (10) days of the date hereof Mr. Yechezkel Kraut or the Company arrange to make payment to 1971 LLC in the amount of One Million Two Hundred Sixteen Thousand and 00/100 ($1,216,000) Dollars (the "Settlement Payment") representing the Buyout Price plus interest, fees, and costs. To coordinate the Settlement Payment, kindly reach out to my office at (973) 662-4550.

Your failure to timely contact us to arrange for the Settlement Payment will leave 1971 LLC with no choice but to take swift, effective, and harsh legal action. Further, as you have defaulted under the terms of the Company Agreement and pursuant to New York law, any action taken to enforce my client's rights entitles them to also recover, *inter alia*, costs and reasonable attorneys' fees. Additionally, in the event that 1971 LLC is successful in its claims of fraud, it will be entitled to punitive, treble, and such other and additional damages administered by the Court to punish such bad faith actors.

As to Mr. Yechezkel Kraut, specifically, your failure to timely pay the Settlement Payment pursuant to the terms of the Guarantee Agreement will entitle 1971 LLC to file and record the Confession of Judgment against you personally, which, effectively, will cause a judgment lien to be filed against your person, attaching itself to all realty and other assets in your name. A judgment against your person may also entitle 1971 LLC to seek a garnishment of your wages and place a lien against any monies owed to you by creditors.

The statements of fact set forth herein shall not be deemed a full and complete statement of the facts at-issue in this matter. This letter is being provided without prejudice to any of 1971 LLC's legal or equitable rights, claims, and defenses, all and each of which are expressly reserved.



Mr. and Mrs. Yechezkel and Shira Kraut
1380 Realty NY, LLC
May 12, 2022
Page 5 of 5

Likewise, nothing contained herein can or shall be construed as a waiver, modification, or limitation of any of 1971 LLC's rights under any of the contracts or agreements at-issue. As stated herein, the factual circumstances set forth in this letter are presently being examined as they may relate to other instances of fraud suffered by 1971 LLC and its affiliates and are subject to change based upon 1971 LLC's continuing investigations.

We are hopeful that this matter can be resolved amicably and without unnecessary expense to either party.

Please be guided accordingly.

Very truly yours,

Christopher M. Rodriguez, Esq.

**Encl.**