
EXHIBIT 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

1380 REALTY NY, LLC,

                Plaintiff,

- against -

YECHEZKEL KRAUT A/K/A YECHEZKEL DOV KRAUT; SHIRA KRAUT; LEVI KRAUT; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FM HOME LOANS, LLC,

                Defendants.

Index No.:

**COMPLAINT**

---

        Plaintiff 1380 Realty NY, LLC ("Plaintiff"), by its attorneys, Holland & Knight, LLP, for its complaint, alleges the following:

        1.     Plaintiff is a New York limited liability company with a principal place of business located at 1971 60th Street, Brooklyn, New York 11204; Section 5514, Lot 49 (the "Property").

        2.     Upon information and belief, defendant Yechezkel Kraut a/k/a Yechezkel Dov Kraut, ("Yechezkel") is an individual residing at 983 Dahill Road, Brooklyn, New York 11204.

        3.     Upon information and belief, defendant Shira Kraut ("Shira" and, together with Yechezkel, the "Krauts") is an individual residing at 983 Dahill Road, Brooklyn, New York 11204.

        4.     Upon information and belief, defendant Levi Kraut ("Levi") is an individual residing at the Property.

        5.     Upon information and belief, Mortgage Electronic Registration Systems, Inc., ("MERS"), a Delaware corporation with an address of 1901 E. Voorhees Street, Suite C, Danville, Illinois 61834, acts solely as a nominee for FM Home Loans, LLC ("FM Home Loans"), a New

#182233883_v3 527704.00022

Jersey limited liability company with an address of 2329 Nostrand Avenue, 3rd Floor, Brooklyn, New York 11210, with respect to the Consolidated Mortgage (as defined below).

6. Plaintiff brings this action seeking, inter alia, an award of damages resulting from the fraudulent scheme perpetrated by the named defendants with respect to the Property.

## FACTS COMMON TO ALL CAUSES OF ACTION

A. **The Krauts' Obtainment of Title to the Property**

7. On or about February 20, 2007, the Krauts, as husband and wife, took title to the Property by virtue of that certain Bargain and Sale Deed, from Giuseppe Arrisciato, as grantor, to Defendants, as grantees (the "Initial Deed").

8. On April 17, 2007, the Krauts recorded the Initial Deed in the Office of the City Register of the City of New York (the "City Register's Office") as City Register File No. ("CRFN") 2007000196762.

9. Thereafter, the Krauts executed and delivered a mortgage, dated February 20, 2007 and in the original principal amount of $533,650.00 (the "BANA Mortgage"), in favor of Bank of America, N.A. ("BANA").

10. On April 17, 2007, BANA recorded the BANA Mortgage against the Property in the City Register's Office as CRFN 2007000196763.

B. **The Fraudulent Transfer and Encumbrance of the Property**

11. On or about June 26, 2019, the Krauts, as grantors, transferred the Property to Yechezkel and Levi, as grantees, by that certain Warranty Deed with Full Covenants dated June 26, 2019 (the "Intervening Deed").

12. On August 7, 2019, Yechezkel and Levi recorded the Intervening Deed in the City Register's Office as CRFN 2019000249754.

13. Following a series of assignments, on July 17, 2019, the BANA Mortgage was ultimately assigned to defendant MERS, as nominee for FM Home Loans.

14. On the following day, Yechezkel and Levi executed and delivered a mortgage, dated July 18, 2019 and in the original principal amount of $703,273.00 (the "FM Mortgage"), in favor of MERS, as nominee for FM Home Loans.

15. On August 7, 2019, MERS, as nominee for FM Home Loans, recorded the FM Mortgage against the Property in the City Register's Office as CFRN 2019000249757.

16. On July 18, 2019, Yechezkel, Levi and FM Home Loans executed that certain Consolidation, Extension, and Modification Agreement bearing said date (the "CEMA") wherein and whereby the BANA Mortgage and FM Mortgage were consolidated into a single mortgage lien, in the original principal amount of $1,312,500.00 (the "Consolidated Mortgage"), against the Property.

17. On August 7, 2019, FM Home Loans recorded the CEMA against the Property in the City Register's Office as CFRN 2019000249758.

C. **The Creation of and Transfer of the Property to Plaintiff**

18. Prior to the recording of the Intervening Deed, on or about July 16, 2019, the Krauts formed Plaintiff as a New York limited liability company, with each of the Krauts vested with a fifty percent (50%) membership interest therein as is memorialized in that certain Operating Agreement dated July 16, 2019 (the "Operating Agreement").

19. As reflected in the Operating Agreement, Plaintiff's sole asset is the Property and the sole purpose of Plaintiff's creation was to own, develop, manage, operate, improve, finance, market, sell and otherwise deal with and dispose of the Property.

20. Prior to the recording of the Intervening Deed, the Krauts transferred all right, title and interest in the Property to Plaintiff by virtue of that certain Bargain and Sale Deed with Covenant Against Grantor's Acts, dated July 19, 2019 (the "Plaintiff Deed").

21. Plaintiff recorded the Plaintiff Deed in the City Register's Office on September 24, 2019 as CRFN 2019000307563.

22. By virtue of an Assignment of Membership Interest dated July 19, 2019, Shira transferred forty-nine (49%) percent of her fifty (50%) percent membership interest in Plaintiff to 1971 60 Street LLC, a New York limited liability company ("1971 LLC"), and transferred her remaining one (1%) percent membership interest in Plaintiff to Yechezkel.

23. In connection therewith and on the same day, Yechezkel and 1971 LLC executed that certain First Amended and Restated Operating Agreement of 1380 Realty NY LLC dated July 19, 2019 (the "First Amended OA") wherein and whereby they agreed, inter alia, that:

    a. Yechezkel will make preferred returns to 1971 LLC in exchange for a capital contribution (the "Capital Contribution") by 1971 LLC;

    b. Upon a Default (as defined therein), inter alia, (i) the First Amended OA will be replaced with the Second Amended and Restated Operating Agreement (the "Second Amended OA"); (ii) 1971 LLC shall become the sole member of Plaintiff and, thus, the sole owner of the Property; and (iii) 1971 LLC would be entitled to sell the Property and reap proceeds to recoup its Capital Contribution; and

    c. Plaintiff executed a Declaration of Restriction stating that it would not sell, mortgage, assign, lease, convey, transfer, encumber, pledge, hypothecate or otherwise take any action creating a security interest in the Property without the written consent of Judah A. Zelanovitz or Neil Fink, having an address of Fink & Zelmanovitz, P.C. (the

"Declaration of Restriction") and agreed to record the Declaration of Restriction against the Property with the City Register's Office.

24. On September 24, 2019, the Declaration of Restriction was recorded in the City Register's Office against the Property as CFRN 2019000307564.

**D.  The Default on the First Amended OA**

25. Subsequently, Defaults under the terms of the First Amended OA transpired by virtue of, inter alia, the encumbrance of the Property by the FM Mortgage and the Consolidated Mortgage as well as the failure to make preferred returns to 1971 LLC in furtherance of the repayment of the Capital Contribution (collectively, the "Defaults").

26. By virtue of, inter alia, the Defaults, 1971 invoked its rights under the First Amended OA, whereupon the Second Amended OA took the place of and replaced the First Amended OA and 1971 became the sole member of Plaintiff.

**FIRST CAUSE OF ACTION**
**(Fraud Against Defendants Yechezkel Kraut and Shira Kraut Only)**

27. Plaintiff repeats and incorporates herein the allegations set forth above as if the same were set forth and repeated at length herein.

28. Prior to and in connection with their execution of the Plaintiff Deed, the Krauts represented to Plaintiff that they were in possession of all right, title and interest in the Property and that the Property was solely encumbered by the BANA Mortgage and no other mortgage or other lien.

29. Prior to and in connection with their execution of the Plaintiff Deed, the Krauts did not disclose to Plaintiff that they had already executed the Intervening Deed, the FM Home Loans Mortgage and CEMA.

#182233883_v3 527704.00022

30. The Krauts' representations were false when made because the Krauts had previously transferred all right, title and interest in the Property to Yechezkel and Levi via the Intervening Deed, and Yechezkel and Levi had already obtained the FM Home Loans Mortgage and executed the CEMA knowing that the FM Home Loans Mortgage and CEMA were to be recorded against the Property.

31. The Krauts made the aforementioned representations and material omissions to induce 1971 LLC to provide the Capital Contribution to Plaintiff and, in turn, for Plaintiff to obtain title to the Property via the Plaintiff Deed.

32. Plaintiff reasonably relied upon the Krauts' representations in connection with the Plaintiff Deed because, when made, neither the Intervening Deed, the FM Home Loans Mortgage or the CEMA had been recorded against the Property.

33. But for the Krauts' misrepresentations and material omissions of fact, 1971 LLC would not have paid the Capital Contribution and, by extension, Plaintiff would not have obtained an ownership interest in the Property.

34. The Krauts' fraudulent conduct has injured Plaintiff in that it does not possess the undivided, one-hundred (100%) percent interest in the Property that it believed it was obtaining via the Plaintiff Deed but, rather, solely possesses a fifty (50%) percent interest therein deriving from Yechezkel's former ownership interest therein.

35. The Krauts' fraudulent conduct has further injured Plaintiff in that Plaintiff's fifty (50%) percent interest in the Property is encumbered by the Consolidated Mortgage and not merely by the BANA Mortgage even though Plaintiff obtained absolutely no benefit from the additional FM Home Loans Mortgage proceeds.

36. By reason of the foregoing, Plaintiff is entitled to a judgment as against the Krauts, in an amount to be determined but no less than $600,000.00, as a result of their fraudulent conduct.

## SECOND CAUSE OF ACTION
**(Civil Conspiracy Against Defendants Yechezkel Kraut, Shira Kraut and Levi Kraut Only**)

37. Plaintiff repeats and incorporates herein the allegations set forth above as if the same were set forth and repeated at length herein.

38. Upon information and belief, the Krauts are husband and wife.

39. Upon information and belief, Levi is a relative of the Krauts.

40. After becoming owners of the Property, Yechezkel, Shira and Levi came to an agreement and devised a scheme to extract monies from their current and future ownership of the Property that they never had any intention of repaying.

41. To carry out their agreement, the Krauts intentionally and purposely created Plaintiff, transferred the Property to Plaintiff (without disclosing their prior transfer of the Property to Yechezkel and Levi via the Intervening Deed), elicited 1971 to inject the Capital Contribution into Plaintiff, and subsequently defaulted on the First Amended OA.

42. To further carry out their agreement, Yechezkel and Levi intentionally and purposely obtained ownership of the Property, obtained the FM Home Loans Mortgage, and consolidated the FM Home Loans Mortgage with the BANA Mortgage to form the Consolidated Mortgage via the CEMA.

43. Yechezkel's, Shira's and Levi's formulation of their agreement and commission of overt acts in furtherance thereof has injured Plaintiff because Plaintiff does not possess the undivided, one-hundred (100%) percent interest in the Property that it believed it was obtaining via the Plaintiff Deed but, rather, solely possesses a fifty (50%) percent interest therein deriving from Yechezkel's former ownership interest therein.

44. Yechezkel's, Shira's and Levi's formulation of their agreement and commission of overt acts in furtherance thereof has further injured Plaintiff because Plaintiff's fifty (50%) percent interest in the Property is encumbered by the Consolidated Mortgage and not merely by the BANA Mortgage even though Plaintiff obtained absolutely no benefit from the additional FM Home Loans Mortgage proceeds.

45. By reason of the foregoing, Plaintiff is entitled to a judgment as against Yechezkel, Shira and Levi, in an amount to be determined but no less than $600,000.00, as a result of their conspiratorial conduct.

### THIRD CAUSE OF ACTION
**(Breach of Fiduciary Duty Against Defendant Yechezkel Kraut Only)**

46. Plaintiff repeats and incorporates herein the allegations set forth above as if the same were set forth and repeated at length herein.

47. Pursuant to the First Amended OA, Yechezkel served as managing member of Plaintiff from July 19, 2019 until on or about May 12, 2022 at which time the Second Amended OA took the place of and replaced the First Amended OA.

48. As managing member, Yechezkel owed a fiduciary duty of loyalty and care to not only non-managing member 1971 LLC, but to Plaintiff itself.

49. Yechezkel breached his fiduciary duty of loyalty and care to Plaintiff by virtue of his execution of the Intervening Deed, his failure to disclose his execution of the Intervening Deed to himself and Levi, his obtainment of the FM Home Loans Mortgage and his execution of the CEMA.

50. Yechezkel received the FM Home Loans Mortgage proceeds but paid no portion thereof to Plaintiff to satisfy its obligation to repay the debt stemming from the Capital Contribution that was due and owing to 1971 LLC.

8

#182233883_v3 527704.00022

51. Yechezkel abandoned Plaintiff and seized the entirety of the FM Home Loans Mortgage proceeds as well as the Capital Contribution for his own personal benefit.

52. Yechezkel's conduct has injured Plaintiff because Plaintiff does not possess the undivided, one-hundred (100%) percent interest in the Property that it believed it was obtaining via the Plaintiff Deed but, rather, solely possesses a fifty (50%) percent interest therein deriving from Yechezkel's former ownership interest therein.

53. Yechezkel's conduct has further injured Plaintiff because Plaintiff's fifty (50%) percent interest in the Property is encumbered by the Consolidated Mortgage and not merely by the BANA Mortgage even though Plaintiff obtained absolutely no benefit from the additional FM Home Loans Mortgage proceeds.

54. By reason of the foregoing, Plaintiff is entitled to a judgment as against Yechezkel, in an amount to be determined but no less than $600,000.00, as a result of his breach of the fiduciary duty owed to Plaintiff.

## FOURTH CAUSE OF ACTION
**(Breach of Warranty of Title Against Defendants Yechezkel Kraut and Shira Kraut Only)**

55. Plaintiff repeats and incorporates herein the allegations set forth above as if the same were set forth and repeated at length herein.

56. By virtue of their execution of the Plaintiff Deed, the Krauts represented, covenanted and warranted to convey the entire, undivided one-hundred (100%) fee interest of the Property to Plaintiff.

57. By virtue of their execution of the Plaintiff Deed, the Krauts further represented, covenanted and warranted to convey that the Property had not been encumbered in any way whatsoever, except as stated therein.

58. The Krauts breached the warranty of title made in the Plaintiff Deed because, at the time of its execution, the Krauts had already transferred the Property to Yechezkel and Levi.

59. The Krauts further breached the warranty of title made in the Plaintiff Deed because, at the time of its execution, the Krauts had already obtained the FM Home Loans Mortgage and executed the Consolidated Mortgage and CEMA knowing they were to be recorded against the Property.

60. The Krauts' breach of the warranty of title made by the Krauts in the Intervening Deed has injured Plaintiff in that Plaintiff does not possess the undivided, one-hundred (100%) percent interest in the Property that it believed it was obtaining via the Plaintiff Deed but, rather, solely possesses a fifty (50%) percent interest therein deriving from Yechezkel's former ownership interest therein.

61. The Krauts' breach of the warranty of title made by the Krauts in the Intervening Deed has further injured Plaintiff in that Plaintiff's fifty (50%) percent interest in the Property is encumbered by the Consolidated Mortgage and not merely by the BANA Mortgage even though Plaintiff obtained absolutely no benefit from the additional FM Home Loans Mortgage proceeds.

62. As a result of the representations, covenants and warranties made by the Krauts in the Plaintiff Deed, the Krauts are obligated to defend Plaintiff's title to the Property against any persons claiming an interest in the Property including, but not limited to, defendants Levi and MERS, as nominee for FM Home Loans.

63. By reason of the foregoing, Plaintiff is entitled to a judgment as against the Krauts, in an amount to be determined but no less than $600,000.00, as a result of their breach of the warranty of title made in the Plaintiff Deed and owed to Plaintiff.

## FIFTH CAUSE OF ACTION
### (Violation of the Uniform Voidable Transactions Act Against All Defendants)

64. Plaintiff repeats and incorporates herein the allegations set forth above as if the same were set forth and repeated at length herein.

65. Upon information and belief, on or about June 26, 2019, the Property constituted substantially all of the Krauts' assets.

66. On or about June 26, 2019, the Krauts transferred the Property to Yechezkel himself and Levi, a relative of the Krauts, via the Intervening Deed.

67. The Real Property Transfer Report that was recorded against the Property along with the Intervening Deed indicates that the Full Sale Price for the sale of the Property from the Krauts to Yechezkel and Levi was $0.00.

68. As a result, the Krauts transferred the Property to Yechezkel and Levi without adequate consideration and without receiving a reasonably equivalent value in exchange for the Property.

69. Prior to and in connection with their execution of the Plaintiff Deed, the Krauts did not disclose to Plaintiff that they had already transferred the Property to Yechezkel and Levi via the Intervening Deed and further failed to disclose Yechezkel's and Levi's obtainment of the FM Home Loans Mortgage and execution of the Consolidated Mortgage and the CEMA.

70. The Krauts proceeded to transfer the Property to Yechezkel and Levi despite knowing that they intended and planned to create Plaintiff and to elicit 1971 to inject the Capital Contribution into Plaintiff.

71. The Krauts proceeded to transfer the Property to Yechezkel and Levi despite knowing that, upon receipt of the Capital Contribution from 1971 LLC, Plaintiff would be unable to repay the debt stemming from the Capital Contribution back to 1971 LLC.

11

#182233883_v3 527704.00022

72. Subsequently and as they anticipated, Plaintiff failed to repay the debt stemming from the Capital Contribution back to 1971 LLC.

73. Upon information and belief, the Krauts and/or Levi absconded with the Capital Contribution.

74. As a result of the foregoing, the Krauts' conveyance of the Property to Yechezkel and Levi is fraudulent and voidable under Section 273 of New York's Uniform Voidable Transactions Act.

75. By reason of the foregoing, Plaintiff is entitled to a judgment as against Yechezkel and Levi invalidating the Intervening Deed a fraudulent and voidable conveyance and declaring Plaintiff to be in possession of an undivided, one-hundred (100%) percent interest in the Property.

76. By reason of the foregoing, Plaintiff is further entitled to a judgment as against MERS, as nominee for FM Home Loans, consequently voiding the FM Mortgage and the portion thereof forming the Consolidated Mortgage as well as the CEMA and declaring the Property to be encumbered solely by the BANA Mortgage.

**WHEREFORE**, Plaintiff prays for judgment from the Court as follows:

(a) On the First Cause of Action, a judgment awarding Plaintiff money damages against defendants Yechezkel Kraut and Shira Kraut for fraud in an amount to be determined by the Court including interest, costs, punitive damages and legal fees;

(b) On the Second Cause of Action, a judgment awarding Plaintiff money damages against defendants Yechezkel Kraut, Shira Kraut and Levi Kraut for conspiracy in an amount to be determined by the Court including interest, costs, punitive damages and legal fees;

(c) On the Third Cause of Action, a judgment awarding Plaintiff money damages against defendant Yechezkel Kraut for breach of fiduciary duty in an amount to be determined by the Court including interest, costs, punitive damages and legal fees;

(d) On the Fourth Cause of Action, a judgment awarding Plaintiff money damages against defendants Yechezkel Kraut and Shira Kraut for breach of warranty of title in an amount to be determined by the Court including interest, costs, punitive damages and legal fees;

(e) On the Fifth Cause of Action, a judgment against defendants Yechezkel Kraut, Shira Kraut, Levi Kraut and MERS, as nominee for FM Home Loans, setting aside the Intervening Deed, the FM Mortgage and the portion thereof forming the Consolidated Mortgage as well as the CEMA and declaring the Property to be solely owned by Plaintiff and solely encumbered by the BANA Mortgage;

(f) Such other and further relief as this Court may deem just, proper and equitable.

Dated: New York, New York
February 23, 2023

**HOLLAND & KNIGHT LLP**

By: */s/ David V. Mignardi*
David V. Mignardi, Esq.
Thomas J. De Bow, Esq.
Attorneys for Plaintiff
*1380 Realty NY LLC*
31 West 52nd Street
New York, New York 10019
(212) 751-3001
david.mignardi@hklaw.com
thomas.debow@hklaw.com