Linda M Tirelli, Esq.
Tirelli Law Group
50 Main Street, Suite 1265
White Plains, NY 10606
(914)732-3222
LTirelli@TirelliLawGroup.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

---------------------------------------------------X
In re:
1380 REALTY NY LLC

        Chapter 11                               Chapter 11
                                                    Case No.: 24-40017(ess)

        Debtor.

---------------------------------------------------X

**Debtor's Motion Objecting to Proof Of Claim No. 1-1 Filed By 1971 60th Street LLC And To Strike, Disallow And Expunge Proof Of Claim No. 1-1 In Its Entirety as Deficient and Motion for Sanctions Pursuant to FRBP 3001(c)(2)(D)(i)and (ii).**

---

        COME NOW, 1380 Realty NY LLC, Ch 11 Debtor in Possession (herinafter, "Debtor" or "Debtor in possession") in the above-captioned Chapter 11 Bankruptcy, and file this, "Motion Objecting to Proof Of Claim No. 1-1 Filed By 1971 60th Street LLC And To Strike, Disallow And Expunge Proof Of Claim No. 1-1 In Its Entirety as Deficient". Proof of Claim No. 1-1 ("POC No. 1" or "Claim No. 1") filed by 1971 60th Street LLC ("Creditor") is deficient and should be stricken, disallowed and expunged, and for an award of sanctions pursuant to FRBP 3001(c)(2)(D)(i) and (ii). In support hereof the Debtor respectfully shows the Court:

I.

INTRODUCTION

1. The Debtor In Possession filed the instant Chapter 11 bankruptcy on January 3, 2024 notifying all potential creditors including the entity known as 1971 60th Street LLC. (see ECF Dkt No. 1)

1

2. The Debtor filed a motion to set the bar date for claims as May 15, 2024 (ECF Dkt No. 02/09/2024) and served the same on all parties including the entity known as 1971 60th Street LLC.

3. This Honorable Court entered an order setting the bar date for non-government claims as May 15, 2024. (ECF Dkt No. 14) which was served on all parties on March 5, 2024 (ECF Dkt No. 18)

4. Despite passage of time the only timely claim filed to date is POC No. 1-1 which was filed on May 15, 2024 by 1971 60th Street LLC.

II.

ARGUMENT

5. POC No. 1-1 consists of the official form 410 alleging an unsecured claim in the amount of $600,000.00 with no accounting or explanation or documentation to explain the nature or amount of the claim.

6. POC No. 1-1 states the basis for the claim with the following cryptic clause: "Retention of contribution despite failure to pay preferred distributions"

7. There is no further amendment made to POC 1-1 and no valuation or documentation as to any amount actually owed by the debtor to the purported creditor, 1971 60th Street LLC.

8. Debtor further objects to POC 1-1 on the grounds that POC No. 1-1 is deficient and inaccurate. To the extent the debt is based on a writing to indicate a liquidated debt between Debtor and 1971 60th Street LLC a copy is not attached to the claim. Moreover, no verifiable accounting identifying the Debtor or the purported Creditor is provided.

9. 1971 60th Street LLC's Claim lacks basic information and documentation to support a claim of $600,000.00 and therefore should be denied as deficient.

10. Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate. 11 U.S.C. § 501(a). Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

11. Under section 502 of the Bankruptcy Code, if an objection is made, the court shall determine the amount of such claim "as of the filing date." In re Solutia, Inc., 379 B.R. 473, 483 (Bankr. S.D.N.Y. 2007) (citation omitted). Section 502(b)(1) provides that claims may be disallowed if they are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

12. "To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.), No. 12 Civ. 6074 (RJS), 2013 WL 5549643, at *13 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted); see also In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992) (laying out identical burden-shifting framework).

13. "[I]n certain circumstances claims can be disallowed for failure to support the claim with sufficient evidence, even if this is not a specifically enumerated reason for disallowance under 11 U.S.C. § 502(b), because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim." In re Minbatiwalla, 424

B.R. 104, 119 (Bankr. S.D.N.Y. 2010); see also, In re Lundberg, 2008 WL 4829846, at *7-8 (Bankr. D. Conn. Oct. 27, 2008 ("If . . . the claimant fails to allege facts in the proof of claim that are sufficient to support the claim, e.g., by failing to attach sufficient documentation to comply with Fed. R. Bankr. P. 3001(c), the claim is . . . deprived of any prima facie validity which it could otherwise have obtained").

14. F.R.B.P. 3001. Proof of Claim Subdivision (c) provides as follows:

(c) SUPPORTING INFORMATION.

(1) *Claim Based on a Writing.* Except for a claim governed by paragraph (3) of this subdivision, when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

(2) *Additional Requirements in an Individual Debtor Case; Sanctions for Failure to Comply.* In a case in which the debtor is an individual:

(A) If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

15. The claimant in a vague sketchy clause inserted in Part 8 of Official Form B410 merely references "contributions" and "preferred distributions" but does not attach any underlying writing to indicate anything to identify amount or type of contributions, name of contributor or name of the recipient. The Debtor is left in a position unable to ascertain the accuracy or legitimacy of the claim.

16. The claimant also fails, neglects or otherwise does not provide any writing to indicate what is meant by "preferred distributions", the identity of the distributor or recipient.

17. The claimant leaves the Debtor to guess the basis for a claim of $600,000.00.

18. Sanctions for failing to attach any writing is mandated under FRBP 3001(c)(2)(D)(i)and (ii), which reads as follows

> (D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:
>
> (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>
> (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

19. The Debtor avers that the lack of any verifiable or identifiable documentation affixed to the claim warrants the imposition of sanctions pursuant to FRBP 3001(c)(2)(D)(i)and (ii) and respectfully requests this Honorable Court award sanctions consistent with the plain language of the rule.

**WHEREFORE**, the Debtor prays that the Court will STRIKE, DISALLOW and EXPUNGE POC No. 1-1 filed by 1971 60th Street LLC in its entirety for the reasons stated above; and

**WHEREFORE**, the Debtor further prays the court award legal fees under FRBP 3001(c)(2)(D)(i); and

**WHEREFORE**, the Debtor further prays the court preclude the creditor from presenting the omitted information in any form under FRBP 3001(c)(2)(D)(ii); and

**WHEREFORE,** the Debtor prays for all such other and further relief as the Court deems just.

**Dated**: May 29, 2024
White Plains, New York

Respectfully submitted,

  */s/ Linda M. Tirelli*
Linda M. Tirelli, Esq.
*Attorney for Debtor*
Tirelli Law Group LLC
50 Main Street, Suite 1265
White Plains, New York 10606
(914) 732-3222