UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

------------------------------------------------------X

In re:
1380 REALTY NY LLC

        Chapter 11

        Case No.: 24-40017(ess)

        Debtor.

------------------------------------------------------X

**<u>Motion Objecting to Attorney Representing the Debtor Without Court Approval in Violation of 11 USC 327(a) and F.R.B.P. 2014 and Motion for Award of Fees and Sanctions and Disgorgement of Fees Under 11 USC §105</u>**

**<u>Introduction</u>**

**NOW HERE COMES** 1380 Realty NY LLC, the above captioned Debtor, through its court approved attorney, Linda M Tirelli, Esq. of Tirelli Law Group, to hereby move this Honorable Court pursuant to 11 U.S.C. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure to object to the employment and/or otherwise unauthorized representation of Victor Rivera, Esq. and his law firm known as R&R Legal Services LLC (together referred collectively as "Victor Rivera" or "Attorney") as counsel in pending pre-petition state court civil action while simultaneously appearing before this Honorable Court as counsel to FOUR(4) named alleged creditors of the estate in the instant Chapter 11 case.

**<u>Background</u>**

1. On January 4, 2024, the Debtor, 1380 Realty NY LLC (hereinafter "1380 LLC" or "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On March 7, 2024 this Honorable Court entered an order approving the retention of the undersigned as Debtor's counsel after proper motion and presentment of order without objections. (see ECF Dkt No. 20)

1

3. Unbeknownst to the Debtor and it's undersigned counsel, on March 14, 2024, Attorney Victor Rivera filed a post-petition notice of appearance as counsel to the Debtor, 1380 Realty NY LLC in a pre-petition case pending in the NY Supreme Court, Kings County Index Number 505892/2023 "1380 Realty NY LLC vs. Yechezkel Kraut et al" (herein after the "state court civil suit") which names the Debtor as an alleged "plaintiff".

4. The Debtor avers the stat court civil suit was not authorized by it at any time pre-petition or post-petition.

5. The Debtor avers that it did not retain Victor Rivera to provide legal services in connection with the aforementioned state court civil suit.

6. On May 3, 2024, Victor Rivera filed an appearance in the instant chapter 11 bankruptcy case on behalf of FOUR (4) named creditors of the estate, namely MSF Lending, Ira Burstein, Harvey Abrahams and 1971 60th St. LLC

7. Pursuant to 11 U.S.C. § 327(a), the employment of attorneys for the estate must be approved by the bankruptcy court after notice and a hearing.

8. Mr Rivera did not file a motion or application to be employed as state court counsel for the Debtor.

**Grounds for Objection**

4. Mr. Rivera commenced providing legal services allegedly on behalf of the Debtor knowing the Debtor was in bankruptcy, without first obtaining approval from this Court as required by 11 U.S.C. § 327(a).

5. The failure to seek court approval prior to commencing employment violates the provisions of the Bankruptcy Code and may jeopardize the validity and enforceability of any purported fee arrangement between the Debtor and the Attorney, if one exists.

6. Mr. Rivera has not disclosed the amount nor the source of his compensation for representing the Debtor in the state court civil suit.

7. Mr. Rivera is further required to file an affidavit with the court as part of his application stating that he is a disinterested party and does not represent creditors of the estate. (LBR 2014)

8. Given the fact that Mr. Rivera filed a post-petition appearance on behalf of the Debtor in state court and a post-petition appearance on behalf of FOUR(4) creditors in the instant bankruptcy case, the Debtor avers that Mr. Rivera is not a disinterested person.

9. The Debtor further avers that it did not enter into a retainer agreement with Mr Rivera nor did it in any way compensate Mr. Rivera for his representation in the state court civil case.

10. To the extent Mr. Rivera claims he was compensation by the Debtor, the funds should be disgorged and deposited in the Debtor in Possession Account.

**Legal Authority**

11. Pursuant to 11 U.S.C. § 327(a), no person may be employed by a debtor as an attorney in connection with a case under this title, except under court approval. As of the date and time of this motion, no application seeking approval of this court to retain Mr Rivera or his law firm, R&R Legal Services, LLC exists and no such order has entered.

12. Rule 2014 of the Federal Rules of Bankruptcy Procedure mandates that the applicant for employment as an attorney must file an application setting forth the terms of the proposed employment and the compensation therefore. As of the date and time of this motion, no application to retain Mr Rivera or his law firm, R&R Legal Services, LLC exists.

13. Pursuant to 11 U.S.C. § 328(c, the court may deny compensation to any attorney or professional person if "such professional person is not a disinterested person, or

represents or holds an interest adverse to the interest of the estate with respect to the mater on which such professional is employed". Here , Mr. Rivera filed an appearance on behalf of FOUR(4) creditors which is in conflict with his appearance (unauthorized as aforesaid) in state court on behalf of the Debtor and he should not be allowed compensation for the same.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order:

1. Declaring that the employment of Attorney Victor Rivera by the Debtor without prior approval of this Court is in violation of 11 U.S.C. § 327(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure;
2. Directing Attorney Victor Rivera and his firm R&R Legal Advisors LLC to cease and desist from providing any further legal services to the Debtor until such time as this Court has considered and ruled upon an application for employment under 11 U.S.C. § 327(a);
3. Directing Attorney Victor Rivera and his firm R&R Legal Advisors LLC to turnover any funds paid by the Debtor to b e deposited in the Debtor in Possession Account;
4. Awarding legal fees to the Debtor's undersigned counsel for the preparation, prosecution of this instant Motion under the inherent powers bestowed upon this court per 11 U.S.C.§105; and
5. Granting such other and further relief as this Court deems just and proper.

**Dated**: June 20, 2024
White Plains, New York

                                                  Respectfully submitted,
                                                  _/s/ Linda M. Tirelli_____
                                                  Linda M. Tirelli, Esq.
                                                  *Attorney for Debtor*
                                                  Tirelli Law Group LLC
                                                  50 Main Street, Suite 1265
                                                  White Plains, New York 10606
                                                  (914) 732-3222