```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                            24-40017(ess)
                                                            Chapter 11
1380 Realty NY LLC,                                         OBJECTION TO
                                                            MOTION TO DISMISS
                                                            OR FOR RELIEF FROM STAY


                    Debtor(s).
---------------------------------------------------------X
```

**DEBTOR'S OBJECTION TO PURPORTED CREDITOR 1971 60 STREET, LLC MOTION PURSUANT TO 11 U.S.C 1112(b) TO DISMISS THIS CASE OR IN THE ALTERNATIVE, MOTION PURSUANT TO 11 USC 362(d) LIFTING THE AUTOMATIC STAY**

**NOW HERE COMES** 1380 Realty, NY LLC, Chapter 11 Debtor, ("1380 Realty" or "Debtor") through its counsel of record, Linda Tirelli of Tirelli Law Group, LLC and hereby files its Objection To Purported Creditors / Movants 1971 60 Street, LLC, Harvey Abrams, Ira Burstein and MSF Lending (hereinafter collectively referred to as "*1971 60 Street, LLC, Harvey Abrams, Ira Burstein and MSF Lending*" or "*Movants*") "Motion Pursuant To 11 U.S.C 1112(b) To Dismiss This Case, or in the alternative, Motion Pursuant To 11 USC 362(d) Lifting The Automatic Stay, and states as follows:

1. The Debtor offers the attached Affidavit of Yechezkel Kraut attached hereto as **Exhibit A.**

2. The Debtor offers the attached Affidavit of Shira Kraut attached hereto as **Exhibit B**.

3. On January 3, 2024, 1380 Realty filed its voluntary petition so it may explore options of either reorganizing or liquidating under Chapter 11 of the Bankruptcy code.

4. The Movants commenced action in the name of the Debtor in the state court without the knowlege or consent of its sole member, Yechezkel Kraut. 1380 Realty is prepared to reclaim

any asset it owns including an alleged $600,000 held by some unknown third party. Alternatively, 1380 Realty is open to the to marshaling its assets, liquidate them, and pay judicially determined legitimate Creditors a pro-rata dividend.

5. On May 3, 2024, the Movants filed the instant Motion through their shared attorney, Victor Rivera, Esq..

6. On May 15, 2024, 1971 60 Street LLC, alone in its sole capacity, was the only one of the Movants to file a timely proof of claim, namely POC 1 seeking a debt of $600,000 from the Debtor.

7. On May 29, 2024, the Debtor filed a motion to expunge and disallow POC 1 filed by 1971 60 Street on the basis that there was no documentation to prove an actual debt filed to support the claim. Pursuant to FRBP 3001, the Debtor in its motion objecting to claim also seeks sanctions by way of legal fees and/or/ prohibition from filing any further claim or documents in the Debtor's case.

8. On May 29, 2024, the Debtor exercised its right under F.R.B.P. 3004 and filed separate claims, disputed and under protest, in the amount of $1.00 each for Harvey Abrams, Ira Burstein and MSF Funding. ( see POC 2, POC 3 and POC 4)

9. The Movants instant motion is part of scorched earth litigation strategy akin to the "war of the roses" of Danny DeVito fame. Movants ask this Court to dismiss this bankruptcy, with prejudice, prematurely, in disregard for established law.

10. 1380 Realty has already submitted to a 341 meeting of Movants and an Independent Debtor Interview. Attorney Rivera attended both meetings without filing an appearance for any of his clients.

11. 1380 Realty identified in Schedule A of its petition an alleged $600,000 held by DES Partners.

12. In the instant motion, the Movants identify this same $600,000 as a debt owed to them by way of "capital contribution", which the Debtor denies ever receiving.

13. The Debtor avers it should be easy enough to prove a transfer of funds from lender/contributor to the Debtor, but to day the Movants have failed to provide any bank records whatsoever.

14. In the movants papers Movants seek dismissal under 11 USC §1112(b)(1) §1112(b)(4)(A) and §1112(b)(4)(M) which read as follows:

*(b)(1)Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of Movants and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of Movants and the estate.*
*(4)For purposes of this subsection, the term "cause" includes—*
  *(A)substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; …*
  *(M)inability to effectuate substantial consummation of a confirmed plan;*

12. Now that the bar date to file claims has passed, the Debtor filed its objection to the a disputed claim (POC 1), recapture assets and proceed to present a plan of reorganization or liquidation.

13. The Movant fails to argue a liquidating Chapter 11 creates any prejudice to any creditor let alone himself.

14. In a Chapter 11 liquidating plan, "the reorganized debtor's sole purpose is to wind up its affairs, convert its assets to cash, and pay Movants a pro rata dividend. (citations omitted).

It has no interest in reentering the marketplace, as in the case of a reorganization plan. Thus the 'specter of endless bankruptcy jurisdiction and a kindred concern about unfairly advantaging reorganized debtors' does not exist in the context of a liquidation plan." *In re Agway Gen. Agency, Inc. v. Burkeholder (In re Agway, Inc.)*, Nos. 02-65872, 02-65877, 04-80269, 2006 Bankr. LEXIS 4552, at *9 (Bankr. N.D.N.Y. Mar. 6, 2006)

15. Movants have not attached anything to their papers to evidence a debt. In fact, Credtors jumped to file the instant Motion to Dismiss *before* filing a proof of claim. Despite passage of time, there is nothing in the record to prove any debt owed to the Movants jointly or individually.

16. The Court should not be swayed by the Creditors insisting this Court should look past the debtor's schedules, make a finding of bad faith, and dismiss this case with prejudice, when the existence of the $600,000 asset and debt remain unresolved. Furthermore, to the extend Mr Rivera was retained by the Debtor, the Debtor's Motion Objecting to Proof of Claim 1-1 demands the disgorgement of fees as the same were paid post-petition and not approved by his court.

17. 1380 Realty, in its chapter 11 case, filed its summary of assets and liabilities, listing an alleged $600,000 in liabilities, including nonpriority unsecured claims. In good faith, 1380 Realty's Statement of Financial Affairs identified the pending litigation involving Mr. Rivera representing the Debtor without authorization from this court to do so. A motion is pending objecting to the Movants ' counsel representing the Debtor in litigation in the state court. The Debtor avers that it is premature to dismiss the instant case.

18. A Chapter 11 bankruptcy case may be dismissed for bad faith if the debtor engages in egregious conduct that undermines the integrity of the bankruptcy process, as established under the standard articulated in **In re WP Steel Venture LLC, 563 F.3d 295 (6th Cir. 2009)**.

19. While there are many facts in dispute, the Movants offer no concrete basis for bad faith dismissal. There is a path forward through discovery where facts and documents can be sorted out .

20. The Court should note that pursuant to 11 U.S.C. § 1112(b), a bankruptcy court may dismiss a Chapter 11 case for cause, including for bad faith, the Bankruptcy Code does not explicitly define "bad faith."

21. Courts have developed a standard to determine when such a dismissal is appropriate including the following:

    a   **Lack of a Reorganization Plan**: Courts may find bad faith where the debtor has not made a credible effort to propose a reorganization plan or lacks a reasonable prospect of reorganizing its debts. The Debtor has not shied away from litigation and to the extent it has $600,000 in funds from the Movants , as alleged in the Movants; papers, and if located, should be easy enough t turn over to a right ful creditor with a valid timely claim.

    b   **Abuse of Bankruptcy Process**: Actions by the debtor that abuse the purpose of bankruptcy protection, such as filing to delay Movants without a genuine intent to reorganize, may support a finding of bad faith. There is no proof offered of any such conduct n the instant case.

    c   **Conduct of the Debtor**: Egregious conduct by the debtor, such as withholding information from the court, failing to comply with court orders, or attempting to manipulate the bankruptcy process to gain unfair advantage, can demonstrate bad faith.

22. In *In re WP Steel Venture LLC*, the Sixth Circuit held that bad faith sufficient for dismissal under § 1112(b) can be established by "totality of the circumstances" test, which evaluates whether the debtor's conduct has been honest, open, and fair throughout the bankruptcy proceedings. There is nothing in the record to indicate this debtor has been in any way dishonest or not forthright with information and documentation.

23. The burden of proof typically rests on the Movants as the party seeking dismissal. To date, the Movants fail to demonstrate by a preponderance of the evidence that the debtor's actions rise to the level of bad faith warranting dismissal.

24. A Chapter 11 bankruptcy case can be dismissed for bad faith when the debtor engages in conduct that abuses the purpose of bankruptcy protection, fails to propose a feasible reorganization plan, or otherwise undermines the integrity of the bankruptcy process. Courts assess these factors under a flexible "totality of the circumstances" test, with the burden of proof on the moving party. Practitioners should carefully evaluate the specific facts and circumstances of each case to determine whether grounds for dismissal exist under 11 U.S.C. § 1112(b).

25. Here the creditor cites debtor's filing as cause for dismissal and claims that debtor's filings of the Chapter 11 case were intended only to stay a State Court action against the debtor. The Movants, however, don't give any reason for that belief and fail to indicate any basis for that belief. Indeed, the debtor seems to be in financial trouble, that is arguably what this court does – this is a bankruptcy court.

28. The Debtor avers that the instant motion to dismiss seeks to put the cart before the horse, it is well settled that "there is a presumption of good faith in favor of the petitioning creditor, and thus the alleged debtor has the burden of proving bad faith." *Lubow Mach. Co. v. Bayshore Wire Prods. (In re Bayshore Wire Prods.)*, 209 F.3d 100, 105-06 (2d Cir. 2000). In

*Lubow*, the Second Circuit explained:

> Because 'bad faith' is not defined in the bankruptcy code, and because there is no legislative history addressing the intended meaning of this language, courts have used different approaches to determine whether a petition was filed in bad faith [for purposes of § 303(i)(2)]." (citations omitted) Some courts have used an "improper use" test, which "finds bad faith when a petitioning creditor uses involuntary bankruptcy procedures in an attempt to obtain a 'disproportionate advantage' for itself, rather than to protect against other Movants obtaining disproportionate advantages, particularly when the petitioner could have advanced its own interests in a different forum." (citations omitted) Other courts have applied an "improper purpose" test, where bad faith exists if the filing of the petition was motivated by ill will, malice, or a desire to embarrass or harass the alleged debtor. (citations omitted) A third line of cases employs an objective test for bad faith based on "what a reasonable person would have believed." (citations omitted). Finally, as the Eleventh Circuit has observed, a number of courts have sought to model the bad faith inquiry on the standards set forth in Bankruptcy Rule 9011. (citations omitted). According to the Eleventh Circuit:
>
>> An analysis under Rule 9011 inquires into "a significant objective requirement bearing on the legal justification of a claim or defense: a reasonable inquiry into the facts and the law." In addition to requiring an objective inquiry, Rule 9011 requires a subjective inquiry as well: the bankruptcy proceeding cannot have been interposed for an improper purpose, "such as to harass, to cause delay, or to increase the cost of litigation." General Trading Inc., 119 F.3d at 1502 (citation omitted). *Id.*

29. Respectfully, Movants fail to meet any test of "bad faith" by its regurgitation of the war of the roses scorched earth narrative. 1380 Realty's schedules are filed in good faith. Assets are identified and offered for the benefit of all Movants.

30. This Court should reject Movants' "pass go and send my adversary directly to jail" argument. Regardless of how Movants' claims pan out post-litigation, the corporate assets of the company are an appropriate resource and liquidating is a responsible measure to take to pay down the legitimate debts of legitimate Movants.

31. The Debtor avers that there is no basis to lift the automatic stay for any of the FOUR (4) movants.

32. The only movant who bothers to file a proof of claim is 1971 60 Steet LLC. The claim lacks any supporting documents and is contested. Despite the passage f time ( POC 1 ws filed on May 15, 2024 and objection was filed on May 29, 2024) no proof of any funds transferred to the Debtor has been offered to amend the claim.

33. The remaining THREE (3) Movants filed no claim with the court. The only claims filed were filed by the Debtor in the amount of $1 under protest pursuant to FRBP 3004.

34. Litigation was commenced when forged documents were filed with a court to create the illusion that 1971 60 Street LLC is a member of the Debtor. This fact is in dispute.

35. According to the affidavit of Harvey Abrams, 1971 60 Street acquired a 40% interest in the Debtor from Shira Kraut. However, Shira Kraut's affidavit is clear – she never owned any interest in the Debtor and never transferred any shares of the Debtor to any party.

36. The attorney for the Movants filed an appearance – post petition – as counsel for the Debtor in the state court. The Debtor filed an objection to this defiant act which awaits an answer from Mr. Rivera.

37. The Movants offer no actual basis for why this Court cannot decipher assets and debts of the estate.

38. For the reasons set forth above, Creditos' Motion to Dismiss or Lift the Automatic Stay should be denied in its entirety.

Respectfully submitted,
This the 23rd day of July , 2024.

    __/S/ Linda M. Tirelli_____
Linda M. Tirelli, Esq.,
Tirelli Law Group
50 Main Street, Suite 1265
White Plains, N.Y. 10606
Tel:(914) 732-3222 /Fax:(914) 517-2696

LTirelli@TirelliLawGroup.com