-------------------------------------------------------X

In re:

1380 REALTY NY LLC     Chapter 11

                                                  Case No.: 24-40017(ess)

                  Debtor.

-------------------------------------------------------X

## MOTION TO CONVERT DEBTOR'S CASE PURSUANT TO §TIONS 105 AND 1112 (a) OF THE BANKRUPTCY CODE

The debtor and/or debtor-in-possession 1380 REALTY NY LLC (the "Debtor") hereby submits this Motion (the "Motion") for an order converting the Debtor's case pursuant to §tions 105 and 1112 (a) of the Bankruptcy Code. In support of the Motion, the Debtor represents as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §157 and §1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this court pursuant to 28 U.S.C. § 1408 and 1409. The statutory predicates for the relief requested herein are §105(a) and §1112(a) of the Bankruptcy Code and Bankruptcy Rule 1017(a).

### BACKGROUND

2. On January 3, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 Subchapter 5 of Title 11 of the United States Code.

2

3. The Debtor's sole asset is the alleged loan proceeds claim in POC No 1 in the amount of $600,000.00. (the "assets").

4. Proof of Claim No 1 was filed by alleged creditor 1971 60th St. LLC on May 15, 2024 seeking $600,000.00 without any documentation attached in support the claim. ( See **Exhibit A** "Proof of Claim No 1")

5. Despite passage of time, to date, no attempt to amend the claim has been made by the alleged creditor, 1971 60th St. LLC.

6. The Debtor through counsel objected to Proof of Claim No 1, which remains undecided. (See **Exhibit B** Debtor's Objection to POC 1")

7. According to the Motion to Dismiss filed by 1971 60th St. LLC, the Debtor through its sole member signed a confession of judgment (see **Exhibit C** "Confession of Judgment") also according to the Motion to Dismiss, the loan proceeds were not delivered to the Debtor but rather to a third entity known as "DES Partners Group Inc", a NY corporation which is owned and controlled by Mr. Arthur Spitzer .

8. Mr. Arthur Spitzer was indicted for wire fraud and mortgage fraud related to a series of mortgage transactions complicated by design to defraud innocent people of their property and money.  ( See **Exhibit D**"2024 Spitzer Indictment")

9. The Ch 11 petition was filed for the purpose of reorganizing the Debtor via liquidating the sole asset, money allegedly held by DES.

10. The Debtor is unable to continue under the current chapter 11 case and wishes its case to be converted to a case under Chapter 7.

11. The Debtor and its sole member are prepared to fully cooperate with the assigned Chapter 7 Trustee.

## STATUTORY AUTHORITY:

12. 11 U.S.C. § 1112(a) provides that the debtor in a Chapter 11 case may convert such a case to one under Chapter 7 at any time, provided that such conversion is in the best interest of the creditors and the estate.

13. Criteria for Conversion: Best Interests of Creditors and the Estate: The debtor must demonstrate that conversion would not be adverse to the interests of creditors or the estate. Here, we argue that continuing under Chapter 11 would likely result in further administrative costs, delays, and potential diminution of the estate's value due to ongoing business operations without a feasible plan for reorganization.

14. Given the current state of Mr. Spitzer's affairs it is plausible his company DES may be adversely affected and limit the availability of the funds allegedly turned over to it.

15. The debtor's primary intent in filing for Chapter 11 was to reorganize. However, it has become clear that reorganization be both expensive nd time consuming.

16. The Debtor avers that a voluntary conversion to Chapter 7 is necessary to provide a more orderly liquidation of assets for the benefit of creditors.

17. Conversion to Chapter 7 could potentially expedite the distribution of assets to creditors since it would involve a trustee taking over to liquidate assets more efficiently than the debtor might in a Chapter 11 scenario where reorganization efforts have failed.

18. In re Johns-Manville Corp., 843 F.2d 636 (2d Cir. 1988), where the court held that a debtor may convert from Chapter 11 to Chapter 7 if conversion would be in the best interest of creditors, even if the debtor initially had a good faith intent to reorganize.

**WHEREFORE**, the Debtor respectfully requests that this court enter an Order, substantially in the form attached hereto, converting this Chapter 11 case to Chapter 7 case and granting such other and further relief to the Debtor as this Court deems just and proper.

Dated: White Plains, New York
     February 10, 2025

                                      Tirelli Law Group, LLC

                      By:    <u>/s/ Linda M Tirelli</u>
                                Linda M Tirelli, Esq.
                                *Attorneys for Debtor*
                                50 Main Street, Suite 1265
                                White Plains, New York 10606
                                (914)732-3222
                                LTirelli@TW-LawGroup.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

-------------------------------------------------------X

In re:
1380 REALTY NY LLC                    Chapter 11

                                                                Case No.: 24-40017(ess)

             Debtor.

-------------------------------------------------------X

## **ORDER CONVERTING CHAPTER 11 CASE TO CHAPTER 7**

   Upon the motion, dated February 10, 2025, of the above debtor and/or debtor-in-possession for an order converting this case in accordance with 11 U.S.C. § 105(b) and 11 U.S.C. §1112(a) and

   **ORDERED**, that the case of 1380 Realty NY LLC be and hereby is converted pursuant to 11 U.S.C. § 1112(a).

   Dated: _____

                                                                   _____
                                                                    Hon. Elizabeth S. Stong
                                                                    U.S. BANKRUPTCY JUDGE, EDNY